IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WANDA LOWE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action File No: 1:13-cv-03956-JEC ) |
| CHARTER COMMUNICATIONS, INC., | ) ) ) ) |

## ANSWER

COMES NOW Defendant Charter Communications, Inc. ("Charter"), by and through counsel, and in response to Plaintiff Wanda Lowe's ("Plaintiff" or "Lowe") Complaint in this matter, states the following:

## FIRST AFFIRMATIVE DEFENSE

Charter states that Plaintiff's Complaint should be dismissed for failure to state a claim for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Charter shows that Plaintiff consented to receive any alleged prerecorded message calls and/or auto-dialed calls on her cell phone by providing her cell phone number.

## THIRD AFFIRMATIVE DEFENSE

Charter states that if it violated the TCPA, which it denies, Charter had established and implemented with due care, reasonable practices and procedures to effectively prevent violation of the TCPA.

## FOURTH AFFIRMATIVE DEFENSE

Charter states that if it violated the TCPA, which it denies, the alleged violation was not a willful or knowing violation.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff expressly consented to the alleged calls, if any.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim are barred by the doctrine of waiver, laches, ratification, unclean hands and estoppels.

## SEVENTH AFFIRMATIVE DEFENSE

In response to the specific allegations in Plaintiff's Complaint, Charter states as follows:

## JURISDICTION

1.

Charter denies any violation of the TCPA.

2.

Charter shows that the averments contained in Paragraph 2 of the Complaint contain or call for legal conclusions to which no responsive pleading is required.

To the extent that a responsive pleading is required, Charter denies the averments contained in Paragraph 2 of the Complaint.

3.

Charter shows that the averments contained in Paragraph 3 of the Complaint contain or call for legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is required, Charter denies the averments contained in Paragraph 3 of the Complaint.

**PARTIES**

4.

Charter shows that the averments contained in Paragraph 4 of the Complaint contain or call for legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is required, Charter shows that it is without sufficient information to either admit or deny the averments contained in paragraph 4, therefore they are denied.

5.

Charter shows that the averments contained in Paragraph 2 of the Complaint contain or call for legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is required, Charter admits that it is a duly formed Missouri corporation with an address of 12405 Powerscourt Drive, Saint Louis, Missouri 63131, but denies all other averments contained in Paragraph 5 of the Complaint.

## **FACTS**

6.

Charter is without sufficient knowledge or information to either admit or deny the averment, and therefore the averment stands denied.

7.

Charter is without sufficient knowledge or information to either admit or deny the averment, and therefore the averment stands denied.

8.

Charter is without sufficient knowledge or information to either admit or deny the averment, and therefore the averment stands denied.

9.

Charter is without sufficient knowledge or information to either admit or deny the averment, and therefore the averment stands denied.

10.

Charter is without sufficient knowledge or information to either admit or deny the averment, and therefore the averment stands denied.

11.

Charter is without sufficient knowledge or information to either admit or deny the averment, and therefore the averment stands denied.

12.

Denied.

13.

Denied.

## **COUNT I**

## **VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et seq*.**

14.

Paragraphs 1 through 13 and Charter's Answer and Affirmative Defenses are incorporated herein by reference and realleged as if fully set forth herein.

15.

Charter is without sufficient knowledge or information to either admit or deny the averment, and therefore the averment stands denied.

16.

Denied.

17.

Denied.

18.

Charter is without sufficient knowledge or information to either admit or deny the averment, and therefore the averment stands denied.

19.

Charter is without sufficient knowledge or information to either admit or deny the averment, and therefore the averment stands denied.

20.

Charter shows that the averments contained in Paragraph 20 of the Complaint contain or call for legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is required, Charter denies the averments contained in Paragraph 20 of the Complaint.

21.

Charter shows that the averments contained in Paragraph 21 of the Complaint contain or call for legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is required, Charter denies the averments contained in Paragraph 21 of the Complaint. Charter further specifically denies any willful or knowing conduct.

22.

Charter denies all other allegations of the Complaint not specifically addressed herein.

**[CONTINUED ON FOLLOWING PAGE]**

## **CONCLUSION**

WHEREFORE, Defendant Charter Industries, Inc. demands trial by jury and prays that this Court dismiss Plaintiff's Complaint with prejudice; that this Court award Charter's reasonable attorney's fees; that this Court award Charter's costs herein expended; and for any and all just relief to which it may be entitled, legal or equitable.

                 Respectfully submitted,

                 DREW ECKL & FARNHAM, LLP

                 __/s/Brian T. Moore_____
                 BRIAN T. MOORE
                 Georgia Bar No.: 518505

                 __/s/Myles Levelle_____
                 MYLES LEVELLE
                 Georgia Bar No. 313211

P.O. Box 7600
Atlanta, Georgia  30357-0600
Telephone:  (404) 885-1400
Facsimile:   (404) 876-0992
bmoore@deflaw.com
levellem@deflaw.com

3808239/1
06546-087452

Counsel for Defendant certifies that this ANSWER Complies with Local Rule 7.1.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WANDA LOWE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARTER COMMUNICATIONS, )<br>INC., )<br>) | Civil Action File No: 1:13-cv-03956-JEC |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** using the CM/ECF system, which will automatically send e-mail notification to the following attorneys of record:

>Sergei Lemberg
>Lemberg Law, LLC
>1100 Summer Street, Third Floor
>Stamford, Connecticut  06905
>slemberg@lemberglaw.com

This 18th day of December, 2013.

　　　　　　　　　　　　　　　　　　__/s/Brian T. Moore_____
　　　　　　　　　　　　　　　　　　BRIAN T. MOORE
　　　　　　　　　　　　　　　　　　Georgia Bar No. 518505

P.O. Box 7600
Atlanta, Georgia  30357-0600
Telephone:  (404) 885-1400
Facsimile:   (404) 876-0992
bmoore@deflaw.com

3808239/1
06546-087452